IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
|  | ) CR No. 4-227 |
| VS. | ) CV No. 8-190 |
|  | ) |
| JIDE KOMOLAFE, | ) |
|  | ) |
| Defendant. | ) |

AMBROSE, C.J.

## SYNOPSIS

In this criminal matter, a jury convicted Defendant of two counts of bank fraud, unauthorized use of access devices, aggravated identity theft, and possession of fifteen or more counterfeit or unauthorized access devices. He was sentenced on February 2, 2006. The United States Court of Appeals denied his appeal on August 31, 2007.

Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255. Defendant alleges that counsel was ineffective in failing to move to dismiss part of the second superseding indictment against him, and in failing to present actual loss, instead of intended lost, which boosted his offense level.

## OPINION

### I. APPLICABLE STANDARDS

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). With respect to a claim for ineffective assistance of counsel, a hearing is required unless it is indisputable that counsel's conduct satisfied applicable standards. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). Under these standards, a hearing is unnecessary in this case,

and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 ( 1962). "It is well settled that conclusory allegations are insufficient to entitle a petitioner to relief under 2255." Langston v. United States, 105 F. Supp. 2d 419, 425 (E. D. Pa. 2000).

A pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

### A. Ineffective Assistance of Counsel - Standards

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that his counsel was ineffective, a defendant must demonstrate both that counsel's performance fell below "the wide range of professionally competent assistance" and that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. In order to show prejudice, a defendant

must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel is not ineffective for failing to raise meritless claims. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998 ). Moreover, although Strickland employs a two-prong test, it is unnecessary to address both prongs of the inquiry if the petitioner makes an insufficient showing on one. Strickland, 466 U.S. at 694.[1]

Our Court of Appeals has addressed the appropriate inquiry as follows:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).

### B. Defendant's Claims of Ineffective Assistance

Defendant has raised several contentions regarding his counsel's inefficacy. In sum, he avers that appellate and trial counsel were ineffective in the following particulars: 1) failing to move to dismiss Count IV of the second superseding indictment, which charged aggravated identity theft, for insufficient allegations; and 2) failing to properly deal with an offense level based on intended loss of $204,000.00 as opposed to actual loss.[2]

#### 1. Indictment

First, I address Defendant's attack on the elements alleged in his indictment. Defendant

---

[1] As regards appellate counsel, it is sufficient for counsel to have raised those claims which he reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Counsel is required to exercise professional judgment with respect to an appeal. Id.

[2] Defendant appears to raise other arguments, which are less well-developed and need not be dealt with at length. He contends that counsel sought an enlargement of time to file pre-trial motions, against his wishes. Even if this somehow fell below applicable standards, Defendant does not assign, nor can I locate, prejudice reasonably connected to that conduct. This is true, as well, with counsel's alleged failure to investigate certain bank account information. I simply cannot conclude that counsel's conduct cannot be considered reasonable strategy, nor can I find a reasonable probability that the outcome would have been different had counsel acted otherwise.

asserts that Count IV of the Second Superseding indictment did not contain all the elements of aggravated identity theft under 18 U.S.C. 1028A(a)(1). Because Defendant raises this issue under the rubric of ineffective assistance, I will consider his challenge.[3]

> An indictment is "sufficient if, when considered in its entirety, it adequately informs the defendant of the charges against [him] such that [he] may prepare a defense and invoke the double jeopardy clause when appropriate." A two part test is used "to measure the sufficiency of an indictment: '(1) whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"

United States v. Clausen, 2005 U.S. Dist. LEXIS 6196, 27-28 (E.D. Pa. Apr. 12, 2005) (citations omitted).

> Section 1028A(1)(a) reads as follows:

Whoever, during and in relation to any felony violation enumerated in subsection c [including access device fraud], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

> Count 4 of the indictment read as follows:

On or around July 16, 2004 to in or around August 3rd 2004, in the Western District of Pennsylvania and elsewhere the Defendant, Jide Komolafe, during and in relation to the crime of Access Device Fraud as set forth in Count Three of this Second Superseding Indictment, did knowingly possess and use, without lawful authority, a means of identification of another person, namely the Citizens Bank debit card of an individual known to the grand jury as JR.

Defendant contends, in particular, that the indictment fails to allege that he possessed fifteen or more counterfeit or unauthorized access devices. Count III, which was the predicate felony referred to in Count IV, charged a violation of Section 1029(a)(2), which does not require a particular number of devices. Section 1029(a)(3), to which Defendant apparently intends to refer, was charged in Count V

---

[3] "Generally, a motion to vacate a judgment of conviction and sentence under Section 2255, 28 U.S.C., is a collateral proceeding which cannot be utilized to question the sufficiency of an indictment, unless the indictment is so defective on its face as not to charge an offense under any reasonable construction." Scott v. United States, 231 F. Supp. 360, 362 (D.N.J. 1964).

of the indictment, which is not now challenged. The indictment in question was couched in the language of the statute, and alleged all the essential elements of the crime. The full nature of the alleged offense was made clear. Under the circumstances, failing to object to the indictment on the grounds now raised simply cannot be deemed to fall outside of the wide range of professional competence. Therefore, counsel did not offer ineffective assistance in that regard.

### 2. Offense Level

I next address Defendant's contention that counsel was ineffective for failing to object to the use of intended loss in the calculation of Defendant's sentence.

> The application note to § 2B1.1(b)(1) directs that loss is measured by the "greater of actual loss or intended loss." § 2B1.1 cmt. n.3. "Actual loss" is defined as the "reasonably foreseeable pecuniary harm that resulted from the offense." Id. n.3(A)(I). "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense." Id. n.3(A)(ii).

United States v. Smith, 2007 U.S. App. LEXIS 15700, 12-13 n.5 (3d Cir. Pa. June 29, 2007).

Accordingly, counsel acted reasonably in failing to object to the calculation of Defendant's sentence based on intended, rather than actual, loss.

As a related matter, Defendant appears to challenge the loss amount of $204,252, as unsupported by evidence. As outlined in the Government's objection to the Presentence Report, that amount was based on § 2B1.1 of the Sentencing Guidelines, along with evidence at trial relating to the information contained on a laptop computer found in Defendant's possession. Accordingly, counsel was not ineffective in his dealing with the loss amount.

### C. Certificate of Appeal

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."

In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

## CONCLUSION

In sum, I have carefully considered each of Defendant's arguments, and conclude that he has not met his burden under Section 2255. Therefore, his motion will be denied. No certificate of appeal shall issue. An appropriate Order follows.

## ORDER

AND NOW, this 2nd day of September, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate (Docket No. [116]) is DENIED. No certificate of appealability shall issue.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose
Chief Judge, U.S. District Court